DAVID E EASH, ISBA 4886
Davide@feltmanewing.com
Feltman Ewing, P.S.
421 W Riverside Ave., Suite 1600
Spokane, WA 99201
(509) 838-6800
Fax: (509) 744-3436
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| BRANDI EDWARDS, | ) Case No. |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S COMPLAINT AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| v. | ) **(Telephone Consumer Protection Act)** |
| CAPITAL ONE BANK (USA) N.A., | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, BRANDI EDWARDS ("Plaintiff"), by and through the undersigned attorneys, and for Plaintiff's Complaint against Defendant, CAPITAL ONE BANK (USA), N.A, ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION and VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in Payette County, in the city of Payette, Idaho.

6. Defendant is a Delaware corporation doing business in the state of Idaho. Defendant's headquarters are located in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (208) 405-31XX.

11. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600.

12. Per its prior business practices, Defendant's calls were placed with an automated telephonic dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, BRANDI EDWARDS.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about November 21, 2017, Plaintiff called into Defendant's company at phone number (800) 955-6600 and spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation on November 21, 2017, Plaintiff gave Defendant both her phone number, social security number and date of birth to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on November 21, 2017.

20. Despite Plaintiff's request to cease, Defendant placed another collection calls to Plaintiff using an automated telephone dialing system on November 24, 2017.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred and thirty-eight (138) automated calls to Plaintiff's cellular telephone after November 21, 2017.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 .S.C. § 227 et. seq.

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANDI EDWARDS respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

## FIRST CAUSE OF ACTION

30. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (138); $69,000.00;

31. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

32. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (138); $207,000.00;

33. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

34. Actual damages and compensatory damages according to proof at time of trial;

35. Costs and reasonable attorneys' fees;

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

36. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

37. Plaintiff demands a jury trial on all issues so triable.

Dated this 24 day of July 2018

                               FELTMAN EWING P.S.

                               By: /s/ David E. Eash
                               David E. Eash, ISBA 4886
                               Attorneys for Plaintiff